**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MAXUS LIQUIDATING TRUST<br><br>Plaintiff,<br>v.<br><br>GREENSTONE ASSURANCE, LTD.<br><br>Defendant | Case No.: 2:19-cv-401<br><br><br><br><br>**JURY TRIAL REQUESTED** |

**ORIGINAL COMPLAINT**

Plaintiff MAXUS LIQUIDATING TRUST (the "Maxus Trust"), successor in interest to Maxus Energy Corporation and its affiliates, and their respective predecessors (collectively "Maxus"), by and through undersigned counsel, file this Complaint against GREENSTONE ASSURANCE, LTD. ("Greenstone"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a dispute between an insured – Maxus – against its insurer-Defendant, Greenstone – which has illegally failed to honor its insurance commitments to Maxus. By this action, the Maxus Trust seeks damages and declaratory relief with respect to Greenstone's repudiation and breaches of its duties to indemnify Maxus as its insured, and repudiation of its obligations under general liability, umbrella liability and pollution liability insurance policies sold to Maxus. In direct violation of the insurance contracts, Greenstone has failed and refused to acknowledge, much less undertake, its obligations to Maxus in connection with covered liabilities assumed by contract. Despite demand therefor, Greenstone has failed and refused to indemnify Maxus or to acknowledge its obligations to pay for covered settlements or judgments that have been or may be rendered against Maxus arising from liabilities in the hundreds of millions of dollars.

2. Defendant Greenstone issued hundreds of millions of dollars in coverage by way of umbrella liability package insurance, excess general liability insurance and pollution liability insurance policies to Maxus for at least the period from December 31, 1974 to December 31, 1998 (the "Greenstone Policies" or "Policy"). Among other things, under each of the Greenstone Policies, Greenstone agreed to pay, up to each Policy's respective limits of liability, all sums its insured becomes legally obligated to pay because of liability imposed by law or assumed under

contract, for personal injury or property damage caused by an accident or occurrence during the policy period.

## THE PARTIES

3. Maxus Energy Corporation is a Delaware corporation in bankruptcy whose principal place of business was in Texas. Pursuant to Maxus's confirmed chapter 11 plan of reorganization, Plaintiff **Maxus Liquidating Trust** (the "Maxus Trust") is a Delaware trust created and duly appointed by the United States Bankruptcy Court of the District of Delaware to liquidate the assets of, and prosecute claims and causes of action of, Maxus Energy Corporation and its affiliated debtor entities for the benefit of their creditors.

4. Defendant **Greenstone Assurance Ltd**. ("Greenstone") is an insurance company organized under the laws of, and domiciled in, Bermuda, who issued insurance policies to U.S. insureds including, without limitation, Maxus Energy Corporation and its predecessor Diamond Shamrock Corporation. Upon information and belief, Greenstone is the successor to, and assumed all liabilities of, Seahorse Reinsurance Ltd., who also issued policies to Maxus. At all times relevant, Greenstone was and is authorized to do business in the United States and regularly engaged or engages in the business of insurance in the United States, including the issuance of the insurance that is the subject of this suit.

## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists because: (1) there is complete diversity of citizenship between the Maxus Trust and Greenstone; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This court has personal jurisdiction over Greenstone because Greenstone, a nonresident, at all times relevant to the claims asserted herein, conducted business within this state within the meaning of the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, in that it contracted by mail or otherwise with a Texas resident, and one party to the contract was to perform in this state. Specifically, Greenstone issued insurance policies: that were solicited, negotiated, signed and delivered in Texas; that insured entities with their principal place of business in Texas, including Maxus; that covered potential losses in Texas; that specified notice of a claim would be given to a Texas address; and that losses would be paid in Texas. In addition, Greenstone consented by contract to accept the jurisdiction chosen by its insured for any dispute under the Greenstone Policies.

7. Greenstone does not maintain a regular place of business in this state or a designated agent for process. Accordingly, pursuant Tex. Civ. Prac. & Rem. Code 5 17.044(b), this defendant may be served with process by serving the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

8. Venue in this Court is proper under 28 U.S.C. §§ 1391(b)(3), (c)(3) and (d) since Greenstone is not resident in the United States, and its contacts with this judicial district are sufficient to subject it to the Court's personal jurisdiction. In addition, Greenstone agreed by contract to accede to any jurisdiction chosen by its insured to resolve disputes under its insurance contracts.

**THE GREENSTONE INSURANCE POLICIES**

9. In consideration of the premiums paid, Defendant Greenstone issued umbrella liability package insurance, excess general liability insurance and pollution liability insurance policies covering Maxus.

10. Greenstone issued Maxus several policies including, without limitation, the following policies:

| | |
|---|---|
| **Policy No.** | **Policy Period** |
| 22023 | 12/31/84-1/1/93 |
| 22029 | 7/1/84-7/1/85 |
| 22029 | 12/31/83-12/31/84 |
| 22024 | 12/31/84-12/31/85 |
| 22024 | 12/31/85-12/31/86 |
| 22024 | 12/31/86-12/31/87 |
| 22024 | 12/31/87-12/31/88 |
| 22055-7/88 | 7/1/88-7/1/89 |
| 22053 | 12/31/87-12/31/88 |
| 22055-7/89 | 7/1/89-7/1/90 |
| 22055-7/90 | 7/1/90-7/1/91 |
| 22055-7/91 | 7/1/91-7/1/94 |
| 22055-5/95 | 7/1/95-7/1/96 |

11. The Greenstone Policies contain no limitation or applicable condition precedent that must be met before Greenstone must begin to indemnify the Maxus under each of the Greenstone Policies.

12. The Greenstone Policies each require Greenstone to indemnify Maxus "for all sums" Maxus "shall become legally obligated to pay by reason of the liability: … (b) assumed

under contract or agreement" by Maxus for damages on account of personal injury and property damage "caused by or arising out of each occurrence happening anywhere in the world." *See e.g.,* Greenstone Policy 22055, Insuring Agreement § I.

13. Maxus is informed and believes, and on that basis alleges, that Greenstone and its predecessor Seahorse Reinsurance Ltd., for whom Greenstone assumed all liabilities, issued a number of additional umbrella liability package insurance, excess general liability insurance and pollution liability insurance policies to Maxus during the period 1973 through 1984. The specifics of these policies are known to Greenstone. Maxus will amend this Complaint to identify all such policies as and when they are produced during discovery.

14. Greenstone's insuring obligations to Maxus are to pay the "Ultimate Net Loss," within the limits of the respective policies, incurred by Maxus either through adjudication or compromise. The term "Ultimate Net Loss" is specifically defined to include Maxus' defense and investigation costs with respect to covered claims.

**THE OCCIDENTAL CONTRACTUAL CLAIM**

15. Pursuant to a Stock Purchase Agreement ("SPA"), Maxus sold the stock of its subsidiary Diamond Shamrock Chemicals Company to an affiliate of Occidental Chemical Corporation ("Occidental"). Under the SPA, Maxus expressly assumed responsibility to indemnify, defend, and hold Occidental harmless against, among other liabilities, all liabilities related to a former manufacturing plant at 80 Lister Avenue, Newark, New Jersey (the "Lister Plant").

16. In 2005, the State of New Jersey filed a lawsuit against, among others, Maxus and Occidental, styled *New Jersey Department of Environmental Protection, et al. v. Occidental Chemical Corporation, et al*, Docket ESX-L-9869-05, to recover damages allegedly incurred as a result of operations at the Lister Plant (the "New Jersey Litigation").

17. In December 2005, Occidental tendered the New Jersey Litigation to Maxus for defense indemnification pursuant to the SPA. In May 2008, Occidental asserted claims for contractual indemnification, breach of contract, and other claims against Maxus. Occidental reiterated its contractual indemnity claims to Maxus in December 2014 (collectively, Occidental's claims for liability assumed by Maxus under the SPA shall be referred to as the "Occidental Contractual Claim").

18. In April 2016, the Superior Court of New Jersey entered an order holding that Maxus was required to indemnify Occidental for all liabilities related to the Lister Plant.

19. Maxus Energy Corporation and its debtor affiliates filed voluntary bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware on June 17, 2016, commencing jointly administered chapter 11 proceedings captioned *In re Maxus Energy Corporation, et al.*, Case No. 16-11501 (CSS) (the "Chapter 11 Cases"). Occidental filed proofs of claims against Maxus in the Chapter 11 Cases for, *inter alia*, reimbursement of past unreimbursed costs and expenses as well as for future environmental remediation and restoration costs for which Maxus is allegedly liable pursuant to the indemnification provisions of the SPA.

20. Maxus agreed to settle Occidental's proofs of claim in the amount of $510,626,872.18, representing Occidental's unreimbursed actual or committed environmental remediation and restoration costs and expenses, and a beneficial trust interest that entitles Occidental to ratable distributions from an Environmental Response/Restoration Trust for any future remediation and restoration costs for which Occidental shall become liable in connection with property acquired in the SPA. The Bankruptcy Court entered a final order confirming the Plan on May 22, 2017 (the "Confirmation Order"), which approved the Maxus-Occidental settlement and became a final binding order on Maxus and its successors and assigns.

**MAXUS' CLAIM FOR COVERAGE FOR THE OCCIDENTAL CONTRACTUAL CLAIM**

21. The allegations asserted against Maxus by way of the Occidental Contractual Claim and the costs of defense and investigation, are covered by the Greenstone Policies as "liability: … assumed under contract or agreement ," and do not come within any exception to or exclusion from coverage.

22. Maxus complied with all applicable terms and conditions under the Greenstone Policies, including the payment of premiums and notice, and thus Maxus is entitled to the full benefits and protections provided by the Greenstone Policies.

23. Maxus is covered for all sums, including costs of investigation and defense and legal liabilities, arising out of its contractual obligations to Occidental, including without limitation the Occidental Contractual Claim, under the Greenstone Policies.

24. Specifically, Greenstone was and is obligated to indemnify Maxus' liabilities assumed by contract, including settlements, judgments and reimbursement of defense and investigation costs incurred in connection with the Occidental Contractual Claim by virtue of the ultimate net loss or similar provisions contained in the Greenstone Policies. Maxus' liabilities to Occidental well exceed the underlying limits or retentions in all of the Greenstone Policies, thereby requiring the Greenstone Policies to respond immediately to the Occidental Contractual Claim. Furthermore, Maxus' contractual liability damages are continuing, as the Occidental Contractual Claim includes future remediation and restoration costs incurred by Occidental.

25. In February 2015, Maxus tendered the Occidental Contractual Claim to Greenstone, and requested that Greenstone indemnify it from and against the Occidental Contractual Claim.

26. Greenstone has failed and refused to acknowledge and discharge its obligation to provide the indemnification required under the Greenstone Policies. Greenstone directed Maxus to deal with Marsh, an insurance broker to whom original notice was provided. After a year of email correspondence in which Greenstone's broker Marsh (copying a director of Greenstone) claimed it was "looking into" Maxus' claims, Greenstone's broker responded to Maxus by claiming there were no policies that cover the tendered losses in February 2016. Greenstone's broker for the first time informally "rejected" Maxus' claim for coverage by email in May 2016, on the basis that Maxus did not provide Greenstone with copies of Greenstone's own policies. Maxus thereafter requested a written coverage position from Greenstone. On July 13, 2016, Greenstone representatives spoke internally and then with representatives from their broker Marsh, and Maxus was informed that Greenstone would not provide a written coverage position, nor search for or provide copies of potentially applicable policies. Greenstone's representatives have since refused to speak substantively to Maxus about its coverage claims, and told Maxus to "please just let it go."

27. Maxus performed all conditions and covenants under the Greenstone Policies in a timely manner, save and except those excused by Greenstone's material breaches as alleged herein.

28. Accordingly, the Maxus Trust seeks damages for breach of contract for Greenstone's failure to indemnify Maxus for contractual liabilities covered by the Greenstone Policies in connection with the Occidental Contractual Claim.

29. The Maxus Trust also seeks damages for anticipatory breach of contract against Greenstone for its refusal to pay or reimburse any portion of any additional settlement or

judgment that may be entered against Maxus with respect to liabilities assumed by contract concerning the Occidental Contractual Claim.

30. Finally, the Maxus Trust seeks declaratory relief to determine the existence and scope of Greenstone's obligations under the Greenstone Policies. Specifically, the Maxus Trust seeks a declaration that the Greenstone Policies: (1) contain a grant of coverage for liabilities assumed by contract, separate and distinct from other grants of coverage in the Greenstone Policies; and (2) contain a duty to indemnify Maxus, up to the respective limits of liability of each of the Greenstone Policies, for any settlements reached by, judgments entered against and defense and investigation costs incurred by Maxus with respect to the Occidental Contractual Claim.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract – Duty to Indemnify the Occidental Contractual Claim)**

31. The Maxus Trust repeats and realleges the allegations set forth in the paragraphs 1-30 of this Complaint as if fully set forth herein.

32. Pursuant to the terms of the Greenstone Policies, Greenstone agreed to indemnify its insured in connection with any legal liability assumed by contract arising from claims for property damage occurring within the Greenstone Policy periods. The Occidental Contractual Claim includes claims for reimbursement of liabilities for which the Superior Court of New Jersey held Maxus liable during the Greenstone Policy periods, and which have been reduced to a settlement approved by the Bankruptcy Court for the District of Delaware in the amount of $510,626,872.18.

33. Maxus is an "insured" under the Greenstone Policies and is alleged to be responsible for covered damages assumed by contract. By operation of law, Maxus is entitled to pursue this chose in action under the Greenstone Policies.

34. The Occidental Contractual Claim falls within the scope of coverage of the Greenstone Policies, thus triggering Greenstone's obligation to indemnify Maxus from and against "Ultimate Net Loss" incurred within the limits of the Greenstone Policies. No policy exclusions apply.

35. Maxus performed and/or fully complied with all terms, conditions, and prerequisites to coverage as set forth in any of the Greenstone Policies, or has been excused from compliance with such terms, conditions, or prerequisites as a result of Greenstone's material breaches and/or other conduct.

36. Maxus has also incurred substantial reasonable litigation costs and expenses in defense of the Occidental Contractual Claim. These defense costs are covered and not excluded under the Greenstone Policies.

37. Greenstone has failed and refused to indemnify Maxus from and against, or to pay for any of Maxus' legal expenses in defense of, the Occidental Contractual Claim, as required under the Greenstone Policies.

38. Greenstone's actions constitute material breaches of its contractual obligations under the Greenstone Policies, without justification.

39. As a direct, proximate and foreseeable result of Greenstone's material breaches of its independent duty to indemnify Maxus, Greenstone has deprived Maxus of the benefit of the described insurance coverage under the Greenstone Policies for which substantial premiums were paid.

40. As a direct and proximate result of Greenstone's breaches of its duty to indemnify Maxus, Maxus has suffered and continues to suffer direct and consequential damages in amounts to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Anticipatory Breach of Contract – Duty to Indemnify the Occidental Contractual Claim)**

41. The Maxus Trust repeats and realleges the allegations set forth in paragraphs 1-40 of this Complaint as if fully set forth herein.

42. Pursuant to the terms of the Greenstone Policies, Greenstone agreed to indemnify its insured in connection with any legal liability assumed by contract arising from claims for damages because of property damage taking place during the Greenstone Policy periods.

43. The Occidental Contractual Claim constitutes a covered claim for legal liability assumed by contract under the Greenstone Policies. In addition, Maxus may be subject to additional liabilities arising from its contractual obligations to Occidental.

44. Greenstone is obligated, under the Greenstone Policies, to pay all sums that Maxus becomes legally obligated to pay in connection with any legal liability assumed by contract arising from claims for damages because of property damage, taking place during the Greenstone Policy periods. No policy exclusions apply.

45. Maxus duly performed and fully complied with all terms, conditions, and prerequisites to coverage as set forth in each of the Greenstone Policies, or has been excused from compliance with such terms, conditions, or prerequisites as a result of Greenstone's material breaches and/or other conduct.

46. Greenstone has, explicitly and through inaction, denied or repudiated any obligation to provide indemnity coverage for the Occidental Contractual Claim, or to pay any amounts Maxus became or may become obligated to pay in connection with the Occidental Contractual Claim, including any monetary award, judgment or settlement, as required under the Greenstone Policies.

47. Greenstone's actions and inactions constitute an anticipatory breach of its contractual obligations under the Greenstone Policies.

48. As a direct, proximate, and foreseeable result of Greenstone's anticipatory breaches of the insurance contracts, Greenstone has and will continue to deprive Maxus of the benefit of insurance coverage under the Greenstone Policies for which substantial premiums were paid.

49. As a direct and proximate result of the Greenstone's anticipatory breaches of its obligations under the Greenstone Policies, Maxus has suffered and will continue to suffer direct and consequential damages in amounts to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Declaratory Relief – Duty to Indemnify the Occidental Contractual Claim)**

50. The Maxus Trust repeats and realleges the allegations set forth in paragraphs 1-49 of this Complaint as if fully set forth herein.

51. Pursuant to the terms of the Greenstone Policies, Greenstone is obligated to pay all sums that its insured becomes legally obligated to pay as damages in connection with any legal liability assumed by contract arising from claims for damages because of property damage taking place during the Greenstone Policy periods. The Occidental Contractual Claim alleged covered damages taking place during the Greenstone Policy periods.

52. Through its actions and inaction, Greenstone disputes its legal obligations to indemnify Maxus from and against the "Ultimate Net Loss" paid and incurred in the Occidental Contractual Claim, as required under the Greenstone Policies.

53. Under 28 U.S.C. § 2201, an actual, present, and justiciable controversy now exists between Maxus and Greenstone regarding the existence and scope of Maxus' rights and

Greenstone's obligations to Maxus under the Greenstone Policies with respect to the Occidental Contractual Claim.

54. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is empowered to enter a declaratory judgment determining the parties' rights, duties and obligations under the Greenstone Policies. Specifically, the Maxus Trust is entitled to a declaration that, pursuant to the terms of the Greenstone Policies, Greenstone is obligated to indemnify Maxus from and against the Occidental Contractual Claim, including any monetary amount paid on account of an award, judgment, settlement, and defense and investigation costs up to the applicable limits of liability of each Greenstone Policy.

**FOURTH CLAIM FOR RELIEF**
**(Violations of Chapter 541 of the Texas Insurance Code)**

55. The Maxus Trust repeats and realleges the allegations set forth in paragraphs 1-54 of this Complaint as if fully set forth herein.

56. Greenstone has engaged in unfair and deceptive acts in the business of insurance and violated Section 541.051(1) of the Texas Insurance Code by, among other things, making misrepresentations to Maxus concerning the Greenstone Policies and the benefits promised therein.

57. Greenstone has engaged in unfair and deceptive acts in the business of insurance and violated Section 541.060 of the Texas Insurance Code, including by:

(1) misrepresenting material facts or policy provisions relating to coverage at issue;

(2) failing to attempt in good faith to promptly and fairly settle where liability is fairly clear;

(3) failing to properly provide reasonable explanation of the basis of denials or refusal to perform;

(4) failing in reasonable time to affirm or deny a claim; and

(5) refusing to pay without conducting a reasonable investigation.

63. The Maxus Trust further alleges that Greenstone has violated Section 541.061 of the Texas Insurance Code by misrepresenting the Greenstone Policies, including by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; and/or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

64. Greenstone's violations of the Texas Insurance Code have produced and/or proximately caused actual damages to Maxus for which the Maxus Trust now sues pursuant to Section 541.151(1) of the Texas Insurance Code.

65. Greenstone's above-stated violations of the Texas Insurance Code were committed with actual awareness of the falsity, unfairness, or deceptiveness of these acts and practices and were thus "knowing." TEX. INS. CODE § 541.002(1). Therefore, the Maxus Trust seeks recovery of additional damages up to three (3) times the amount of actual damages pursuant to section 541.152(b) of the Texas Insurance Code.

**FIFTH CLAIM FOR RELIEF**
**(Violations of Section 541.151 of the Texas Insurance Code Based on Violations of DTPA § 17.46)**

66. The Maxus Trust repeats and realleges the allegations set forth in paragraphs 1-65 of this Complaint as if fully set forth herein.

67. The Maxus Trust alleges that Greenstone has violated Texas Insurance Code § 541.151(2) through its violations of the Texas Deceptive Trade Practice Act ("DTPA").

68. The Maxus Trust further alleges that Greenstone has violated the DTPA, specifically Tex. Bus. & Com. Code § 17.46(b)(12), by representing that the Greenstone Policies confer or involve rights, remedies, or obligations that Greenstone has subsequently asserted the Greenstone Policies do not contain.

69. Maxus relied on Greenstone's acts and practices to Maxus' detriment.

70. Greenstone's above-stated actions in violation of the Texas Insurance Code were committed with actual awareness of the falsity, unfairness, or deceptiveness of these actions and were thus "knowing." Texas Insurance Code § 541.002(1). Therefore, the Maxus Trust seeks recovery of additional damages up to three (3) times the amount of actual damages pursuant to section 541.152(b) of the Texas Insurance Code.

## SIXTH CLAIM FOR RELIEF
**(Attorneys' Fees)**

71. The Maxus Trust repeats and realleges the allegations set forth in paragraphs 1-70 of this Complaint as if fully set forth herein.

72. As a result of Greenstone's conduct in denying Maxus' insurance claims, Maxus was required to retain the services of attorneys to protect Maxus' rights and obtain contracted-for benefits under the Greenstone Policies, and to cause compliance with the contractual obligations under the Greenstone Policies.

73. The Maxus Trust is entitled to recover its reasonable and necessary attorneys' fees in connection with its request for declaratory judgment (Third Claim for Relief) pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code.

74. In accordance with Section 38.002 of the Texas Civil Practice and Remedies Code, Maxus has presented its claims to Greenstone. Therefore, pursuant to Section 38.001 *et seq*. of the Texas Civil Practice and Remedies Code, the Maxus Trust is also entitled to recover its reasonable and necessary attorneys' fees incurred in connection with its prosecution of Greenstone's breaches of the Greenstone Policies (Claims for Relief One and Two) in this lawsuit.

75. The Maxus Trust is further entitled to recover its reasonable and necessary attorneys' fees in connection with its prosecution of Counts relating to Greenstone's violations of Chapter 541 of the Texas Insurance Code. TEX. INS. CODE § 541.152(a)(1).

**PRAYER FOR RELIEF**

WHEREFORE, the Maxus Trust prays for relief and requests judgment as follows:

(a) On the First Claim for Relief, for compensatory and consequential damages in an amount to be determined at trial;

(b) On the Second Claim for Relief, for compensatory and consequential damages in an amount to be determined at trial;

(c) On the Third Claim for Relief, for a declaratory judgment in favor of the Maxus Trust and against Greenstone, declaring that, pursuant to the terms of the Greenstone Policies, Greenstone is obligated to indemnify the Maxus Trust from and against the "ultimate net loss" incurred by Maxus and the Maxus Trust in settlements, judgments and in the defense and investigation of the Occidental Contractual Claim;

(d) On the Fourth and Fifth Claims for Relief, for an award to the Maxus Trust for: (i) Maxus' direct, indirect, consequential and incidental unliquidated damages, with interest in the maximum amount allowed by the laws, to be determined at trial; (ii)

additional damages up to three (3) times the amount of Maxus' actual damages pursuant to section 541.152(b) of the Texas Insurance Code; and (iii) Court costs and reasonable and necessary attorneys' fees pursuant to section 541.152(a)(1) of the Texas Insurance Code;

(e) On the Sixth Claim for Relief, for an award to the Maxus Trust of reasonable and necessary attorneys' fees pursuant to sections 37.009 and 38.002 of the Texas Civil Practice and Remedies Code; and

(f) All costs incurred as a consequence of having to prosecute this lawsuit, including attorneys' fees;

(g) All interest on the above amounts as allowed by law, including pre-judgment and post-judgment interest; and

(h) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

The Maxus Trust demands a trial by jury on all issues so triable.

Dated: December 10, 2019

Respectfully submitted,

**MCKOOL SMITH, P.C.**

/s/ Sam Baxter
Samuel F. Baxter-Lead Counsel
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

Michael John Miguel (*pro hac vice* to be filed)
**McKool Smith, P.C.**
300 So. Grand Avenue, Suite 2900
Los Angeles, CA 90071
mmiguel@mckoolsmith.com

*Attorneys for Plaintiff*
**MAXUS LIQUIDATING TRUST**