# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MAXUS LIQUIDATING TRUST,<br><br>            Plaintiff,<br><br>  v.<br><br>GREENSTONE ASSURANCE, LTD.<br><br>            Defendant | Case No.: 2:19-cv-401<br><br>**ORAL HEARING REQUESTED**<br>**JURY TRIAL DEMANDED** |

**DEFENDANT GREENSTONE ASSURANCE, LTD.'S RESPONSE TO THE MAXUS LIQUIDATING TRUST'S SUR-REPLY AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE MAXUS LIQUIDATING TRUST'S COMPLAINT**

**TABLE OF CONTENTS**

ARGUMENT ........................................................................................................................1

I. THE TRUST'S NEWFOUND ASSERTIONS IN ITS SUR-REPLY RAISE NO ISSUES OF FACT WHICH PRECLUDE THE DISMISSAL OF ITS COMPLAINT. ......................................................................................................1

II. THE TRUST'S NEW ALLEGATIONS AND MISSTATEMENTS CANNOT DEFEAT GREENSTONE'S LEGALLY DISPOSITIVE ARGUMENTS. .........................3

III. EVERY DOCUMENT GREENSTONE ATTACHED AND CITED IS PROPERLY BEFORE THIS COURT AT THE MOTION TO DISMISS STAGE. ..........4

Greenstone respectfully submits this Response to the Trust's Sur-Reply,[1] which introduces new arguments in an attempt to create issues of fact where there are none. But the Trust must be held to the allegations in its Complaint and cannot now improperly amend its allegations via Sur-Reply, seemingly counting on Greenstone's inability to respond and correct the record.

## ARGUMENT

I. **THE TRUST'S NEWFOUND ASSERTIONS IN ITS SUR-REPLY RAISE NO ISSUES OF FACT WHICH PRECLUDE THE DISMISSAL OF ITS COMPLAINT.**

In the Complaint, the Trust based its claims for coverage solely on the Umbrella Coverage provision of "Greenstone Policy 22055" and yet, in its Sur-Reply, ***for the first time***, the Trust claims that it is entitled to coverage based on an entirely new provision. The Trust seizes upon a single reference to "OIL Deductible Buy-Back Insurance" in the ***table of contents*** of Greenstone Exhibit F. Sur-Reply at 3. Pointing to this line item, the Trust now asserts, without any substantiation, that "OIL insurance" happens to provide exactly the type of coverage that it has been claiming from the start: "for catastrophic environmental liabilities," while also maintaining that its claims are not actually for environmental liabilities, but only for liabilities assumed by contract. *Id.* The Trust never raised this theory in its Complaint nor its 30-page Opposition.

"[A] reply brief must be limited to addressing the arguments raised by the [response]." *See, e.g.*, *Petty v. Portofino Council of Coowners, Inc.*, 702 F. Supp. 2d 721, 729 n.3 (S.D. Tex. 2010). The Trust's newfound reliance on the table of contents of an exhibit that it earlier claimed was "***not*** one of the Greenstone Policies"[2] is a brand new argument raised in the Sur-Reply. By adding

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Motion [ECF No. 8].

[2] In its Opposition, the Trust strenuously asserted that Exhibit F was "***not*** one of the Greenstone Policies," Opp'n at 7 n.3, but in the same breath argued that Exhibit F "confirm[s] the accuracy of the coverage terms as alleged in the Complaint." *Id.* (emphasis added). In its Sur-Reply, the Trust appears to agree that Exhibit 1 to the Reply (the same policy) ***is*** "Greenstone Policy 22055" on

1

this new purported basis for relief, the Trust impermissibly seeks to "constructively amend" its Complaint "through [its] Responses to the Motion[] to Dismiss." *Cepeda v. Emerald Corr. Mgmt. LLC*, EP-18-CV-150-PRM, 2018 WL 4999973, at *3 n.4 (W.D. Tex. Aug. 28, 2018). Such "allegations in a response to a motion to dismiss are insufficient to withstand a 12(b)(6) motion." *Id.* The Trust's last-ditch effort to save its Complaint is not only improper but is insufficient.

While the Trust contends that Policy 22055 is representative of all policies that were allegedly issued, *see, e.g.*, Compl. ¶¶ 2, 10, 12 (claiming that "[t]he Greenstone Policies each require" the coverage it describes as in Policy 22055), the Trust ignores that the Policy also contains terms expressly ***excluding*** the Trust's claimed losses from coverage. *See* Mot. Ex. F, Sec. VII, Umbrella Liability Exclusions, ¶ 7. Specifically, the Policy bars coverage for liability "arising out of seepage and/or pollution . . . irrespective of the cause." *Id.*[3] In short, the Policy refutes the Trust's contention that its claims—arising from the willful, decades-long pollution of the Passaic River in New Jersey—"do not come within any exception to or exclusion from coverage." Compl. ¶ 21.

Throughout its Opposition and Sur-Reply, the Trust urges the Court that it is "required to accept as true [plaintiff's] allegation[s] in [its] Original Complaint." Sur-Reply at 6 (citation omitted). That principle, however, has limits, and the Trust ran up against them long ago. The very Policy on which the Trust based its Complaint flatly refutes the Trust's claims, and it cannot properly generate new bases for relief now. The Trust has failed to state a valid claim for relief,

---

which its Complaint relies. Sur-Reply at 3. The Trust cannot have it both ways, and its dizzying changes of course belie the fatal flaw in its Complaint: no matter on which Policy the Trust fixes its gaze at a given time, its claims do not fall within its coverage.

[3] Exhibit 1 also makes clear that such pollution is not covered unless it was "was accidental and was neither expected not intended . . . ." Reply, Ex. 1, Sec. VII, Umbrella Liability Exclusions, ¶ 7, Endorsement No. 1.

2

and its Complaint must therefore be dismissed.

## II. THE TRUST'S NEW ALLEGATIONS AND MISSTATEMENTS CANNOT DEFEAT GREENSTONE'S LEGALLY DISPOSITIVE ARGUMENTS.

Nor can the Trust's new basis for relief or misstatements alter the fact that various doctrines apply to mandate dismissal. In its Sur-Reply, the Trust attempts to convince this Court that Maxus, its predecessors, and OCC would have required a "crystal ball" in 1986 to "fathom" the existence of potential liability associated with the Lister Site, to later be asserted by OCC against Maxus by way of the indemnity provisions in the SPA. *See* Sur-Reply at 5. The Trust never needed a crystal ball, because the Complaint (and SPA incorporated therein) establish that Maxus and its predecessors were well-aware of its potential liability to OCC when it entered into the SPA. Maxus knew about: (1) the Aetna Action, commenced by Diamond Shamrock in 1984; (2) the SPA's indemnity and carrier litigation provisions; (3) the EPA's findings and superfund declaration with respect to the Lister Site in 1983 and 1984; and finally (4) OCC's indemnity suit against Maxus filed in 2005. Reply at 7-8.

The Trust attempts to apply a standard not found in any case law (the Trust cites to none) that would require Maxus to have known the who, when, and indeed the ***exact*** chain of lawsuits ultimately leading to Maxus's obligation to pay OCC in order for the fortuity doctrine to apply (and presumably, for laches to bar its claims). *See* Sur-Reply at 4, 5. But this is simply not so. Insurance contracts do not cover damages resulting from an insured's activities "which might reasonably be expected to expose them to or result in liability." *Wesco Ins. Co. v. Layton*, 725 F. App'x 289, 293 (5th Cir. 2018) (citation omitted). Similarly, the certainties repeated by the Trust in its Sur-Reply as required knowledge (e.g., Maxus "couldn't fathom the nature or magnitude" of OCC's claim) need not have been known for its claims to be barred by laches due to its failure to timely assert them. *See* Sur-Reply at 5; *Warrantech, Corp. v. Steadfast Ins. Co.*, 210 S.W.3d 760,

3

766 (Tex. App. 2006) (judgment need not be fixed before it was considered known loss); *Thorne v. Union Pac. Corp.*, 290 F. Supp. 3d 635, 644 (W.D. Tex. 2017) (laches barred claim that plaintiff knew could lead to litigation). Furthermore, the stage of the proceedings here matters not, as this case is **anything but** "typical" due to the long factual record already properly before this Court. *See* Sur-Reply at 4; Reply at 5 n.5. In sum, the Trust's own allegations demonstrate that its liability to OCC meets the standards for both the fortuity doctrine and the doctrine of laches to bar its claims, and its Sur-Reply does nothing to mend these defects in its Complaint.

### III.   EVERY DOCUMENT GREENSTONE ATTACHED AND CITED IS PROPERLY BEFORE THIS COURT AT THE MOTION TO DISMISS STAGE.

The Trust urges this Court to ignore Fifth Circuit precedent permitting this Court's consideration of each exhibit Greenstone cites in support of its Motion. *See* Sur-Reply at 1, n.1. In addition to the facts set forth in the Complaint and any documents attached to the Complaint (there were none), this court may properly consider: (1) matters of which judicial notice may be taken; (2) "documents incorporated into the complaint by reference or integral to the claim;" (3) matters of public record; and (4) prior court proceedings and records. *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013); *see also Jones v. Hartford Life & Accident Ins. Co.*, No. 2:16-CV-316, 2016 WL 5887601, at *1–2 (E.D. Tex. Oct. 7, 2016) (Gilstrap, J.) (dismissing insurance claimant's complaint based in part on documents attached to defendant's motion to dismiss). Each exhibit, and aforementioned legally permissible category into which it falls, is set forth below.

- **Incorporated Into the Complaint by Reference or Integral to the Claim**: Mot. Ex. B (SPA); Mot. Ex. F (Policy 22055); Reply Ex. 1 (Policy 22055); Mot. Ex. E (Maxus's Ch. 11 Plan).

- **Judicial Notice/Public Record**: Mot. Ex. A (2008 EPA Admin. Settlement); Mot. Ex. C (NJDEP Consent Judgment); Mot. Ex. D (2016 EPA Admin. Settlement).

- **Prior Court Proceedings/Records**: Aetna Action (also referenced in SPA); Reply Ex. 2 (Fourth Am. Compl., *N.J. Dept. of Envtl. Prot. v. OCC et al.*, ESX-L9868-05, (N.J. Super.

4

Sept. 28, 2012)); cited at Reply n.11 (Debtors' Amended Disclosure Statement, *In re Maxus Energy Corp. et al.*, No. 16-11501, D.E. 1232 (D. Del. Bankr. April 19, 2017).

In light of the propriety of Greenstone's reliance on these documents, necessitated by the Trust's barebones pleading, lacking a single attachment and setting forth nominal (and legally insufficient) factual allegations, this Court should dismiss the Trust's Complaint.  Failure to do so would only reward the Trust's now-clear strategy: slowly unspool its thread of bare and ever-changing assertions, bit by bit, in its endeavor to extract over half a billion dollars in coverage from Greenstone, decades after its stale claims originated.

Dated: March 30, 2020                                         Respectfully submitted,

                                                                                        */s/ Edward Soto*
                                                                                         Edward Soto (admitted *pro hac vice*)
Fla. Bar No. 0265144
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Tel:     (305) 577-3100
Fax:    (305) 374-7159
Email:  Edward.Soto@weil.com

*Lead Attorney for Defendant Greenstone Assurance, Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court using CM/ECF on March 30, 2020. As such, the foregoing was served electronically upon all counsel of record.

*/s/ Edward Soto*
Edward Soto
